## PALMAN *v.* REYNOLDS.

1. JOINT TENANCY—SURVIVORSHIP—LANDLORD AND TENANT.

    Individual defendant who was entitled to the rents and benefits during her lifetime from property owned by herself and another with right of survivorship was entitled to rent the premises for a term not exceeding her life.

2. LANDLORD AND TENANT—EXECUTION OF INSTRUMENT—INTENTION.

    The question as to whether those who have signed a lease are bound is generally to be determined by the intention and understanding of the parties at the time of the execution of the instrument.

3. SAME—SIGNATURES ON LEASE.

    If a lease specifically provides therein that it is not to be valid unless signed by all of the parties between whom it purports to be made or it is implied therefrom that it is not to be binding until so signed, one who has signed the lease is not bound by the lease until it is signed by all.

4. SAME—EXECUTION OF INSTRUMENTS—PARTIES—CONDITIONS.

    Where it appears that a lease was executed by some, but not all, of the parties between whom it purports to be made, one who does sign and deliver it is bound thereby although it was not executed by all the parties named therein where there was no express or implied condition that it be executed by all parties named therein before binding those who sign it.

5. CONTRACTS—EXECUTION OF INSTRUMENTS—PARTIES—EVIDENCE.

    A party to a contract that contemplates execution by a third person must expressly declare intention not to be bound thereby until execution by such third person at the time of executing it or he cannot thereafter set up the third person's nonexecution as an objection to validity against himself and a party testifying in his own behalf cannot swear whether or not it was his intention to make an individual contract.

Conditions precedent in general, see 1 Restatement, Contracts, §§ 250–311.

6. LANDLORD AND TENANT—EXECUTION OF INSTRUMENTS—BURDEN OF PROOF.

One who executes a lease in which a third person is also named as a party but who does not join in the execution of it is bound by the lease unless the one who did sign it sustains burden of showing that she was not to be bound thereby until the third party had executed it.

7. APPEAL AND ERROR—DECLARATORY JUDGMENT—DE NOVO REVIEW.

A proceeding to obtain a declaratory judgment to determine rights under a lease being a chancery proceeding, the record is reviewed *de novo* by the Supreme Court (3 Comp. Laws 1929, § 13903 *et seq.*).

8. SAME—EXECUTION OF INSTRUMENTS—PARTIES—JOINT TENANCY.

In proceeding to obtain a declaration of rights under lease signed by plaintiff, as lessee, and individual defendant who had the right to rents and benefits of the property during her lifetime but which lease was not signed by a third party mentioned therein and who was a joint tenant with right of survivorship with defendant signer, where it appears that defendant signer failed to sustain her burden that it was not to be binding upon her until signed by the other joint tenant and that signers intended to and did execute a valid lease, the presumption of validity is not overcome.

Appeal from Lenawee; Rathbun (G. Arthur), J. Submitted October 4, 1944. (Docket No. 48, Calendar No. 42,848.) Decided November 30, 1944.

Bill by Morris Palman against Florence L. Reynolds and Kline Brothers Company, a Delaware corporation, for a decree declaring that a lease between defendants is null and void and for injunctive relief. Cross-bill by defendant Reynolds against plaintiff to have lease between plaintiff and defendant Reynolds declared void. Decree for plaintiff. Defendants appeal. Affirmed.

*Alexander & Baldwin,* for plaintiff.

*Robertson & Russell* (*Meyers & Keys,* of counsel), for defendants.

SHARPE, J.  This is a petition for a declaratory judgment under Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, § 13903 *et seq.* [Stat. Ann. § 27.501 *et seq.*]), to determine the rights of a lessee under an alleged lease on a store building.

Florence L. Reynolds, one of the defendants, of the city of Adrian, and Margaret Butler, of the State of Idaho, are the owners, with the right of survivorship, of premises situate in the city of Adrian, Michigan.  Defendant Reynolds is entitled to the rents and benefits of said premises during her lifetime.  Margaret Butler has no present benefits from the property.  Her rights will come into existence in the event that she survives Florence Reynolds.

For some 20 years prior to December 2, 1943, defendant Kline Brothers Company had occupied the first floor and basement of the store building located as aforesaid, and their lease expired July 1, 1944. On December 2, 1943, a lease was prepared wherein Florence Reynolds and Margaret Butler were named as lessors, and Morris Palman, plaintiff, was named as lessee.  The lease was executed in triplicate and signed by Florence Reynolds and Morris Palman. One copy was given to and retained by Morris Palman, while the other two copies were forwarded to Margaret Butler, who later returned them unsigned.  In January, 1944, Florence Reynolds and Margaret Butler executed and entered into a lease with Kline Brothers Company for the premises. Thereupon, plaintiff instituted this suit.  The trial court found as a fact:

"There is no testimony disputing that given by Mr. Baker (attorney for defendant Reynolds) to the effect that an arrangement had been made for Mr. Palman and Miss Reynolds to meet at his office on December 2, 1943, and that Mr. Palman and his brother Joseph arrived first; and that when Miss Reynolds arrived, he (Baker) said to her that she

would have to decide whether she wished to lease to Palman or to Kline. Mr. Baker and Miss Reynolds went into his front office and talked for a few moments and then came back in the room with the Palmans and they both signed the lease and it was witnessed and acknowledged. And according to the further testimony of Mr. Baker, the plaintiff's brother Joseph then offered to pay the first month's rental and Mr. Baker said to him something to the effect that it was a legal and binding lease and that such payment was not necessary. And then almost immediately Mr. Baker wrote to Mr. Kline advising him that the premises had been rented, and then later Mr. Baker told his client, Miss Reynolds, that she should have nothing to do with Kline and that she had signed a lease to Palman.

"Not only the testimony of Mr. Palman, given at the time of trial, but his action in being willing to pay the rent at the time the lease was signed, clearly shows a willingness and desire to deal with Miss Reynolds and a clear thought in his mind that he was accepting the delivery of a binding lease, so far as Miss Reynolds was concerned. And the act of Miss Reynolds in executing the lease and seeing her attorney deliver one of the triplicates to Mr. Palman, clearly shows a then-existing thought and intention on her part to lease to Mr. Palman; and there is no doubt in the mind of this court that such was her intention at the time that must be reckoned with, namely, when the parties met in the office of Mr. Baker on December 2, 1943."

An order was entered determining that the lease executed December 2, 1943, was a valid and binding obligation between defendant Reynolds and Palman. Defendants appeal and contend that the lease of December 2, 1943, was a mutual agreement intended to have been signed by all three of the parties, and not having been signed by Margaret Butler it is not binding on any of the parties.

There can be no question but that Florence

Reynolds had a right, as one entitled to the rents and benefits during her lifetime, to rent the premises for a term not exceeding her life.

The lease of December 2, 1943, is valid if Florence Reynolds and Morris Palman intended it to be a lease of the premises on the above date.' The pivotal question is: "What was in their minds at the time the lease was written and Morris Palman handed a copy of the same?"

In 17 C. J. S. p. 411, § 62, it is said:

"It is held in numerous cases that, where an instrument has been executed by only a portion of the parties between whom it purports to be made, it is not binding on those who have executed it. The cases so holding are usually those in which the party executing the instrument would have a remedy by way of indemnity or contribution against the other parties named, which remedy is lost by the failure of such other parties to execute the instrument. The question as to whether those who have signed are bound is generally to be determined by the intention and understanding of the parties at the time of the execution of the instrument. The reason for holding the instrument void is that it was intended that all parties should execute it and that each executes it on the implied condition that it is to be executed by the others, and, therefore, that until executed by all, it is inchoate and incomplete and never takes effect as a valid contract, and this is especially true where the agreement expressly provides, or its manifest intent is, that it is not to be binding until signed. Where these reasons do not apply it is usually held that a party who signs and delivers an instrument is bound by the obligations therein assumed, although it is not executed by all of the parties named in it."

In *Dillon* v. *Anderson* (syllabi), 43 N. Y. 231, it is said:

"A contract executed between two parties, and in the body of which a third person is also named as a party, who does not join in the execution of it, is, nevertheless, on its face, good, as against the parties executing it, and it rests upon either party denying its validity, to show that he was not to be bound by it, until it was also executed by such third person.

"It must appear that at the time the contract was entered into, the party expressly declared his intention not to be bound by it until it was executed by the third person, or he cannot afterwards set up the fact that the contract was not executed by such third person as an objection to its validity against himself. In such case, a party testifying in his own behalf, cannot swear whether or not it was his intention to make an individual contract."

Under the above authority, Florence Reynolds having signed the lease, the burden was upon her to show that she was not to be bound by it until it was executed by Margaret Butler.

This being a chancery proceeding we review the record *de novo*. The trial judge having seen and heard the witnesses concluded that Florence Reynolds "intended to and thought she had rented to Palman," and "that the lease of December 2, 1943, is a binding obligation between defendant Reynolds and plaintiff Palman." In our opinion there is competent evidence to sustain such a result. The record shows that Florence Reynolds employed E. L. Baker as her attorney to negotiate a new lease for her upon more favorable terms than she had with Kline Brothers Company. Baker negotiated a lease with Morris Palman. It was signed by Palman and Florence Reynolds and a copy delivered to Palman. At that time there was nothing said as to the necessity of the signature of Margaret Butler. The first month's rent was offered, but Palman was informed that payment of the rent at that time was

not necessary as he had a valid lease of the premises. Moreover, on the following day Lawyer Baker wrote Kline Brothers Company advising them that their lease would not be renewed.

We are mindful of the fact that there is evidence in the record from which it could be found that defendant Reynolds did not intend the lease to be binding on her until it had been signed by Margaret Butler. We note that Florence Reynolds testified that she would not have signed the lease unless Margaret Butler also signed it, but nothing of that nature was said by her at the time she signed the lease. Under the rule in the *Dillon Case, supra,* Florence Reynolds should have declared at the time of the execution of the lease that she was not to be bound until it was executed by Margaret Butler. A question of fact has been presented as to whether she intended the lease to be a valid lease at the time she signed it, or to become valid only upon the signature of Margaret Butler. The burden was upon her to show that the lease was not to be binding upon her until executed by Margaret Butler. The record does not satisfy us that she has overcome the presumption that the lease of December 2, 1943, was a valid lease.

The decree is affirmed, with costs to plaintiff.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSH-NELL, BOYLES, and REID, JJ., concurred.