SUN OIL COMPANY *v.* CITY OF FERNDALE.

1. PARTIES—REAL PARTY IN INTEREST—ZONING—APPEAL.
   Oil company which had agreement with fee owners of land to buy the land and also had authorization by owners of fee to apply to city board of zoning appeals for building permit to erect gasoline station on land, *held*, to have standing to sue for declaratory judgment declaring zoning ordinance unconstitutional insofar as it related to gasoline station building permits.

2. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—STANDARDS.
   Zoning ordinance which authorizes erection of gasoline filling station when approved by zoning board of appeals but prescribes no standards for board to follow in granting or denying approval *held*, unconstitutional (City of Ferndale Ordinance No 371).

3. SAME—ZONING ORDINANCE—OTHER ORDINANCE.
   Deficiency of zoning ordinance which is unconstitutional because it contains no standards to guide zoning board of appeals in approving use of land for gasoline filling station is not supplied by another ordinance, penal in nature, which regulates and restricts the location, operation, size, and construction of such stations, because land use must be permitted under zoning ordinance before regulatory ordinance can come into operation (City of Ferndale Ordinances Nos 371, 405).

4. COSTS—BRIEF.
   No costs are awarded to appellee who prevails on appeal, but who failed to file brief.

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Declaratory Judgments § 29.
Interest necessary to maintenance of declaratory determination of validity of statute or ordinance. 174 ALR 549.
[2] 58 Am Jur, Zoning §§ 14, 21.
[3] 58 Am Jur, Zoning §§ 14, 24.
[4] 5 Am Jur 2d, Appeal and Error § 1010.

Appeal from Oakland; Dondero (Stanton G.), J. Submitted Division 2 December 5, 1966, at Lansing. (Docket No. 811.)   Decided April 13, 1967.

Complaint by Sun Oil Company, a New Jersey corporation, against the City of Ferndale, a municipal corporation, for declaratory and injunctive relief from enforcement of city's zoning ordinance. Joseph Rapaport, Jennie Rapaport, his wife, and Anna Miller added as parties plaintiff on motion of plaintiff. Summary judgment in favor of plaintiffs. Defendant appeals. Affirmed.

*Robert J. Turner,* for defendant.

J. H. Gillis, J.   On or about January 27, 1965, plaintiff, Sun Oil Company, filed an application for a building permit with the defendant, city of Ferndale, to erect a gasoline station on property located at the southeast corner of 9 Mile road and Allen street in the city of Ferndale.   On February 9, 1965, the Ferndale city commission sitting as a zoning board of appeals denied the request of Sun Oil Company for a building permit.   On February 17, 1965, Sun Oil Company filed a complaint in the Oakland circuit court requesting a declaratory judgment to the effect that the defendant's zoning ordinance was unconstitutional.   Plaintiff alleged that the ordinance failed to prescribe standards for the granting or rejecting of building permits relying on *Osius* v. *St. Clair Shores* (1956), 344 Mich 693.

After an answer had been filed by the defendant, plaintiff, on March 31, 1965, filed a motion for summary judgment pursuant to GCR 1963, 117.2.   On April 5, 1965, pursuant to a petition of the plaintiff, the trial court entered an order adding Joseph Rapa-

port and Jennie Rapaport, his wife, and Anna Miller as party plaintiffs.

At the hearing before the court on April 5, 1965, the defendant argued that plaintiff had no interest in the lawsuit and had no standing in court. Defendant contends that while plaintiff's complaint alleges a contractual relationship between it and the party plaintiffs who were the fee owners of the real estate, defendant disputes this and, therefore, there is a factual issue to be determined in a trial on the merits. Plaintiff denied there was any factual issue but plaintiff's attorney moved to add the fee owners whom he was authorized to represent.[*]

Based upon the admissions made by the defendant in its answer to the complaint and based upon the decision of the Michigan Supreme Court in the *Osius Case,* the court, in granting summary judgment, held that the zoning ordinance for the city of Ferndale was unconstitutional because it failed to prescribe any standards within which the zoning board of appeals must operate.

On appeal, two issues are presented for our determination. (1) Should plaintiff's suit have been dismissed on the basis that it is not the real party in interest? (2) Is the zoning ordinance of the defendant city unconstitutional in that it fails to prescribe standards to be followed by the zoning board of appeals?

The first issue can be answered by examining that portion of the pleadings heretofore quoted. In addition, the court in the exercise of its discretion al-

---

[*] Plaintiff's complaint, paragraph 6, alleges:

"January 27, 1965, Patrick R. Kearns, agent of the real estate division of the Sun Oil Company, plaintiff herein, in accordance with the 'agreement to sell,' and authorization by the owners of the fee of the instant real estate, submitted its application for a certificate of compliance and a building permit for the purpose of erecting a retail service station on said vacant real estate."

Defendant, in answer to the complaint, admitted this allegation.

lowed the fee owners to be added as party plaintiffs. Defendant cites no authority to substantiate its position. We fail to find error in allowing the Sun Oil Company to maintain this suit.

The remaining issue is controlled, as the trial court ruled, by the *Osius Case.* The defendant's zoning ordinance authorizes the erection of a gasoline filling station on the land in question "when approved by the board of appeals." It prescribes no standards. The zoning board of appeals is simply given authority to permit, and obviously to refuse to permit, the erection of gasoline service stations after a public hearing. The defendant does not deny that its ordinance was substantially the same as the ordinance condemned in the *Osius Case* but contends that after the *Osius Case* was handed down, the defendant corrected its deficiencies by enacting ordinance 405 which regulated and restricted the location, operation, size, and construction of service stations and that this additional ordinance, when read in conjunction with the zoning ordinance, established standards to be followed by the zoning board of appeals. However, an examination of ordinance 405 discloses that it is not a zoning ordinance but is penal in nature and provides penalties for the violation of various of its provisions. It is in the nature of a building code and not a zoning regulation. The zoning ordinance regulates the use to which a parcel of land may be put. Once it is established that a gasoline station may be erected on a particular parcel of property, the building regulation controls the type of structure, width of the driveway, depth of the storage tanks and other factors.

Like the trial court, we agree that zoning ordinance 371 is unconstitutional for the identical reasons as set forth in the opinion of the Court in the

*Osius Case.* No costs, appellee having failed to file briefs.

T. G. Kavanagh, P. J., and McGregor, J., concurred.

