HAVEN *v* CITY OF TROY

1. ZONING—PLAN COMMISSION—DUTIES—ENABLING ACT.

A city's zoning ordinance, by designating its plan commission as the commission specified in § 4 of the city and village zoning enabling act, by requiring that its plan commission perform the same duties as provided by the enabling act, and by requiring that the procedures for amendment of zoning ordinances established in the enabling act be followed, imposed on its plan commission the same duties imposed by the enabling act on plan commissions in cities having populations over 25,000, even though the city, when it adopted the zoning ordinance, had a population less than 25,000 (MCLA 125.584; Troy City Code, ch 39, art XIX, XXI).

2. ADMINISTRATIVE LAW—PUBLIC BOARD MEETINGS ACT—NOTICE OF MEETING—NATURE OF BUSINESS.

The public board meetings act's requirement that public boards give notice of their meetings, so as to provide members of the public with an opportunity to be present and observe the manner in which boards transact public business, does not require that the nature of the business to be considered at a meeting be set forth in the notice (MCLA 15.251 *et seq.*).

3. ADMINISTRATIVE LAW—HEARING—RIGHT TO BE HEARD—NATURE OF BUSINESS.

The right to a hearing imports an opportunity to be heard; implicit in the right to a hearing is the companion right to reasonable notice not only of the time and place of the hearing but also that at the hearing a particular question will be considered and that interested parties will be given an opportunity to be heard.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 6.
[2, 3] 2 Am Jur 2d, Administrative Law §§ 279–281.
[4] 58 Am Jur, Zoning §§ 176, 177.
[5] 58 Am Jur, Zoning § 10.
[6] 58 Am Jur, Zoning § 229 *et seq.*

4. ZONING—ORDINANCES—AMENDMENT—NOTICE OF HEARING.

A proposed zoning ordinance amendment, especially an amendment which if adopted would frustrate a planned development whose plans have already been submitted to the city, cannot be considered by the city's plan commission unless notice is given to the public, and perhaps the property owners affected as well, of the time, place, and purpose of the public hearing; the notice must set forth that it is a public hearing, not just another meeting of the commission, at which the proposed amendment will be considered and interested parties will have an opportunity to be heard (MCLA 125.584).

5. ZONING—ORDINANCES—AMENDMENT—PUBLIC HEARING—NOTICE—PUBLIC BOARD MEETINGS ACT.

Notice, given merely in compliance with the public board meetings act, of meetings at which a city plan commission adopted zoning ordinance amendment recommendations did not satisfy the public hearing requirement of the zoning enabling act; amendments enacted pursuant to the recommendations were invalid because the public board meetings act does not require that a notice set forth the nature of business to be considered or that interested parties will have an opportunity to be heard, requirements necessary to achieve the purpose of a public hearing (MCLA 15.251 et seq.; 125.584).

6. ZONING—ORDINANCES—JUDICIAL REVIEW—RELIEF—PLEADING.

A judgment declaring that a shopping center including an automobile service center was a permissible use under a zoning ordinance as it existed before amendment, after declaring the amendment invalid, and directing issuance of the necessary approval and permits to allow construction to proceed was proper as providing adequate relief on the pleadings to plaintiff landowners where defendant city did not assert in the trial court that plaintiffs' site plan was not in accordance with the ordinance as it existed before amendment or that plaintiffs were not entitled to approval and permission required by the original ordinance.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 January 4, 1972, at Detroit. (Docket No. 10550.) Decided March 22, 1972. Rehearing denied May 4, 1972.

Complaint by Dorothy L. Haven, Marjorie Van Fleteren, and Boron Oil Company against the City of

Troy, its plan commission, and its building inspector to compel the issuance of site plan approval and building and other permits. Summary judgment for plaintiffs. Defendants appeal. Affirmed.

*Honigman, Miller, Schwartz & Cohn* (by *Norman Hyman*), for plaintiffs.

*Burke & Sawyer,* for defendants.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

LEVIN, P. J. Plaintiffs Dorothy L. Haven and Marjorie Van Fleteren own 2-1/2 acres of land located at the intersection of two streets in the City of Troy. Plaintiff Boron Oil Company claims an interest in the land under an exercised option. The defendants are the City of Troy, its plan commission, and its building inspector.

This is an action to compel the issuance of building and other permits which plaintiffs need to proceed with the improvement of the land as a shopping center with an automobile service center.

The land is zoned B–2. Until September 22, 1969, automobile service centers were a permitted use in that zone. On that date, the city purported to adopt an amendment to its zoning ordinance imposing limitations on automobile service center developments, and on December 1, 1969, purported further to amend its ordinance to delete altogether automobile service center uses.

The circuit judge granted the plaintiffs a summary judgment declaring that the amendments were not duly adopted and were, therefore, invalid, and that the proposed shopping center, including the automobile service center, was a permissible use.

The judgment directs the city to issue site plan approval, a building permit, and other necessary permits to allow the contemplated construction to proceed.[1]

Among the judge's findings to which the city takes exception is his finding that the city's plan commission did not hold a public hearing before considering and recommending to the city's legislative body that it approve the amendments.[2]

In *Boron Oil Co* v *City of Southfield,* 18 Mich App 135, 139 (1969), we held that § 4 of the city and village zoning enabling act[3] requires that before an amendment of a zoning ordinance may be adopted in a city having a population in excess of 25,000,[4] the proposed amendment must be referred to a commission—which may be, and frequently is, its plan commission—appointed by the legislative body, for recommendation and that the commission must hold a public hearing before submitting its final report. We declared that "separate public hearings, both before the commission and before the legislative body, must be held before the amendment of an ordinance".

At the time the amendments to Troy's zoning ordinance were adopted, Troy was a city having a population of less than 25,000.[5] However, its zoning ordinance provides that its plan commission "is

---

[1] The direction in the judgment that a building permit shall issue is subject to the proviso that the plans and specifications for the shopping center "are in compliance with valid and applicable code provisions".

[2] The affidavits in support and in opposition to the plaintiffs' motion for summary judgment do not comply with the requirements of GCR 1963, 117.3 that the affidavits show affirmatively that the "affiant, if sworn as a witness, can testify competently to the facts contained therein". The defendants, however, do not make an issue of this deficiency. See *Wiegand* v *Tringali,* 22 Mich App 230, 233, fn 1 (1970).

[3] MCLA 125.584; MSA 5.2934.

[4] According to the last Federal or state census.

[5] According to the last Federal or state census.

hereby designated as the commission *specified in Section 4"* of the enabling act and *"shall perform the duties of said commission* as provided in the statute in connection with the amendment of this chapter". (Emphasis supplied.)   It is further provided that Troy's legislative body may, on recommendation from its plan commission, or on petition, amend, supplement, or change the district boundaries or the regulations "pursuant to the authority *and procedure* established" in the enabling act.   (Emphasis supplied.)

We agree with the circuit judge that these provisions of Troy's zoning ordinance impose on its plan commission the same "duties" as were legislatively imposed on commissions appointed for this purpose in cities having a population of more than 25,000, and that Troy's plan commission, as the plan commissions of municipalities having a population in excess of 25,000, must conduct a public hearing before acting.

Resolutions recommending that Troy's legislative body adopt the now challenged amendments were adopted by Troy's plan commission at a regular meeting of the commission held on August 12, 1969, and at a special meeting held on October 28, 1969. Notice of those meetings was posted in the city hall in accordance with the requirements of the public board meetings act of 1968.[6]

The defendants contend that if the plan commission was required to conduct public hearings, the meetings at which the plan commission adopted the resolutions recommending the amendments were hearings and that the notices of those meetings so posted were adequate notice.

The purpose of the public board meetings act's requirement that public boards give notice of their

---

[6] 1968 PA 261; MCLA 15.251–15.253; MSA 4.1800(1)–4.1800(3).

meetings is to provide members of the public with
the opportunity to be present so that they can ob-
serve the manner in which such boards transact
public business. The act does not require that the
nature of the business to be considered at a meeting
be set forth in advance in the required notice.[7]

A public body might hold a hearing coincidentally
with one of its meetings, but a meeting is not neces-
sarily a hearing. The right to a hearing imports
an opportunity to be heard. Implicit in that right
is the companion right to reasonable notice not only
of the time and place of a meeting of the public body
required to conduct the hearing but also notice that
at a particular meeting of that body a particular
question will be considered and those interested in
that question will be given an opportunity to be
heard.

A proposed amendment of a zoning ordinance, es-
pecially one, as here, which if adopted will frustrate
a particular planned development that has already
been made the subject of plans submitted to a city,
cannot be considered by a plan commission unless
notice is given to the public, and perhaps as well to
the property owner affected, of the time, place, and
purpose of the required public hearing. The notice
must set forth that it is notice of a public hearing—
not just another meeting—at which those interested
in the particular question to be considered, as set
forth in the notice, will have an opportunity to be
heard.

It is not claimed that any notice of the plan com-
mission's "hearings" was given other than the post-
ing of the previously-mentioned notices that meet-

---

[7] Our disposition of this case makes it unnecessary to decide whether
a right to speak at a public meeting on matters that come before
the meeting is conferred by the public board meetings act on
members of the public who are present. We note that such a right
is not expressly spelled out in the act.

ings of the plan commission would be held on the
stated dates. Those notices were not notices of pub-
lic hearings. They were not notices reasonably cal-
culated to provide either the public at large or the
property owners peculiarly affected by the proposed
action with advance notice that the subject matter
which was considered would be considered and that
interested persons would be given an opportunity to
be heard. The public and the property owners were
denied a reasonable opportunity to be heard and
the purpose sought to be achieved by requiring a
public hearing was not realized.

For the first time on appeal the defendants as-
sert that when the judge found that the amendments
were invalid he should not have gone on to decide
whether the proposed development was a permitted
use in the B-2 zoning district, and that he erred in
finding that it was a permitted use and in directing
that site plan approval and building and other per-
mits be issued. The defendants assert that if we find
for the plaintiffs on the validity-of-the-amendments
issue we should remand so that the defendants can
challenge the site plan. We are persuaded, however,
that if the site plan were not in accordance with
the requirements of the ordinance or the plaintiffs
were not entitled to the approval and permission re-
quired by the ordinance the city would have relied
on those deficiencies at the trial level.[8] Since the

---

[8] Before September 22, 1969, the plaintiffs filed an application
with the Troy Plan Commission for approval of a site plan for the
proposed shopping center and requested special permission from the
plan commission for the proposed automobile service center. The
requested approval and permission were denied.

In their motion for summary judgment, the plaintiffs asserted that
they were entitled to the issuance of the requested approval and
permission and necessary building permits. Neither in its answer
to the plaintiffs' motion for summary judgment nor at the hearing
on that motion nor in its motion for rehearing after summary judg-
ment was granted nor at the hearing on that motion did the de-
fendants assert that the proposed development did not comply with

deficiencies now relied on were not asserted before him, the judge, having found for the plaintiffs, properly went on to provide adequate relief.

An issue was framed by the plaintiffs' motion for summary judgment and the defendants' answer regarding plaintiffs' standing to maintain this action, it being defendants' contention that the plaintiffs did not have the requisite interests in the land. At the hearing on the motion, plaintiffs supplemented their moving papers with documents showing their interests in the land.[9] The defendants offered no controverting evidence or affidavits tending to show that there was a genuine issue concerning plaintiffs' standing. The judge did not err in finding that this was not a genuine issue.[10]

Affirmed. Costs to plaintiffs.

All concurred.

---

the requirements of the ordinance as it read before enactment of the amendments.

[9] In *Wiegand* v *Tringali*, 22 Mich App 230, 233 (1970), we said that in deciding a motion for summary judgment the court first considers whether the claimed factual issue is material, and if it concludes that it is material then considers "whether it appears from the affidavits of the parties and the depositions and documentary evidence of record that the factual issue is genuine". See GCR 1963, 117.3.

[10] The documents submitted by the plaintiffs at the hearing on the motion show that plaintiffs Haven and Van Fleteren own the land and plaintiff Boron Oil Company holds an exercised option covering a portion of the land. See *Sun Oil Co* v *Ferndale*, 6 Mich App 470 (1967), holding, in comparable circumstances, that Sun Oil had standing to maintain an action challenging a failure to issue a building permit. See, generally, comment, *Standing to Appeal Zoning Determinations: The "Aggrieved Person" Requirement*, 64 Mich L Rev 1070, 1076 (1966).