501

Tim DILAURA, DF Land Development, and Apostolate for the Eucharistic Life, Plaintiffs–Appellants,

v.

ANN ARBOR CHARTER TOWNSHIP, Ann Arbor Charter Township Zoning Official, and Ann Arbor Charter Township Zoning Board of Appeals, Defendants–Appellees.

No. 00–1846.

United States Court of Appeals, Sixth Circuit.

Feb. 25, 2002.

502

Before BOGGS, GILMAN, and BRIGHT,* Circuit Judges.

PER CURIAM.

Tim DiLaura, DF Land Development LLC, and the Apostolate for the Eucharistic Life appeal the dismissal, for lack of standing, of their constitutional and statutory attacks on a zoning decision made by the Ann Arbor Zoning Board of Appeals. Plaintiffs also oppose the Township of Ann Arbor's current motion before the court to have the case dismissed as moot. The Township's motion seeking dismissal on grounds of mootness is denied. The judgment of the district court is reversed in part, and the case is remanded for further proceedings consistent with this opinion.

## I

Tim and Michelle DiLaura seek to use a large house in Ann Arbor as a religious retreat on behalf of the Apostolate for the Eucharistic Life (a Catholic lay organization devoted to promoting. among other things, contemplative and group prayer). They envision having several guests a week come and stay at the house for purposes of prayer and fellowship. The DiLauras expect two or three overnight visitors during the week, and perhaps five such visitors on weekends. No fee would be charged.

DF Land Development LLC (DFLD) has agreed to donate the property to the Apostolate for the Eucharistic Life if the property can be used for religious purposes. This agreement was memorialized in a "Written Memorandum of Understanding acknowledging donation to the Apostolate for the Eucharistic Life," signed by Paul Roney, General Partner of DFLD; the donation was also memorialized in the minutes of the Apostolate. DFLD is the current owner of the property. According to the Memorandum of Understanding, the property will become the Apostolate's if the Apostolate can use it as a retreat.

Tim DiLaura wrote a letter to the Ann Arbor Township zoning officer, Gary Dresselhouse. In the letter, DiLaura described the kind of retreat he wanted to run, and asked whether the zoning ordinances would prohibit this activity. Dresselhouse responded that the use was "for use other than the present residential use .... The uses described in your letter are not included as permitted uses in the A–1 zoning district and I must therefore deny your request."

DiLaura filed a zoning board of appeals application for a variance. DiLaura's application for a variance came before the zoning board of appeals on September 29, 1999. The board postponed decision for a month, to receive a legal opinion. After a hearing on October 27, 1999, the board voted 5–0 denying the variance.

Plaintiffs then brought suit in Washtenaw County Circuit Court; Defendants removed the case to federal court. The original complaint was brought under 42 U.S.C. § 1983, and alleged (1) that the township, the board of zoning appeals, and the zoning officer violated Plaintiffs' First Amendment right to free exercise of religion as guaranteed by the United States Constitution and (2) that the township, the board of zoning appeals and the zoning officer violated Plaintiffs' rights to free exercise of religion as guaranteed by the Religious Freedom Restoration Act. 42 U.S.C. § 2000bb *et seq.*

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

The district court granted Defendants' motion to dismiss for lack of subject matter jurisdiction. The district court held that (1) Plaintiffs lacked standing to maintain the action because they failed to demonstrate an interest in the property; (2) that Plaintiffs lacked an "injury in fact" because Defendants had not interfered with any religious practices of Plaintiffs; and (3) that Plaintiffs' claims were not ripe for adjudication because (a) Plaintiffs had not applied for a "conditional use permit" and (b) the township had not threatened to enforce the zoning ordinance.

Plaintiffs then moved for reconsideration, providing a warranty deed proving that Plaintiff DFLD did indeed own the property. Nevertheless, the district court denied Plaintiffs' motion for reconsideration. Plaintiffs appealed from the district court's orders. While appeal was pending, the Township moved to have the case dismissed as moot, on the basis that DFLD had subsequently filed a site plan proposing another use for the property in question. Plaintiffs filed a response, and this motion was referred to the hearing panel. Both the motion and the appeal are now before this court.

## II

### A. Mootness

The Township asserts that the case is moot, because DFLD has proposed a formal site plan to the Township requesting approval to build a private golf course on several hundred acres of land; the proposed golf course includes the property at issue in this case. The plan proposed by DFLD shows the removal of this property to make room for the golf course.

■ The Township therefore argues that this case may not be heard, since there is no case or controversy before the court. *United States Parole Commission v. Geraghty*, 445 U.S. 388, 395–96, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). Feder-

al courts lack the power to decide questions that cannot affect the rights of the litigants in the case before them. *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971).

■ In this case, however, the proposed alternative use of the property does not render the case moot. The plan would not be mandatory if approved. The property has not been destroyed, and Plaintiffs assert that it would still be used as a retreat house should they win this case. This court can still grant a remedy: an injunction against enforcement of the zoning ordinance to prevent religious use of the property, thus permitting operation of the land donation and the retreat house. Because a remedy may be granted, this case is not moot.

### B. Ripeness

■ The district court held that, despite the board's refusal to allow the variance, there is not sufficient disagreement between the parties to meet the requirement that controversies must be ripe to be justiciable. This is incorrect. The conflict is fully manifested, and Plaintiffs have suffered a quantifiable harm.

First, the district court asserted that the conflict was not ripe because the DiLauras had not "sought a 'conditional use'" permit from the town board. This is not a requirement in § 1983 actions, whether alleging constitutional violations or statutory claims. *See, e.g., Murphy v. Zoning Commission of the Town of New Milford*, 148 F.Supp.2d 173, 185 (D.Conn.2001) (Religious Land Use and Incarcerated Persons Act (RLUIPA) claim brought via § 1983 did not require application for a variance or even a first appeal to the zoning board); *see also Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) (exhaustion of remedies not required for filing a § 1983 claim). Moreover, the DiLauras have in

fact already gone through the appeals process as directed and have applied for a variance, which the Township denied.

Second, the district court claimed that the argument was not ripe because the Township had not threatened to enforce the order. The court in *Murphy* also addressed this precise question. 148 F.Supp.2d at 182–87. In that case (discussed at greater length below), the defendant zoning board argued that the plaintiffs' claims were not ripe for judicial intervention because (as the Township protests here) there had been no threat of enforcement of the statute. *Id.* at 182. The court determined that the case was ripe for review. *Id.* at 183.

Furthermore, "[t]he Supreme Court ... has found hardship when enforcement of a statute or regulation is inevitable and the sole impediment to ripeness is simply a delay before the proceedings commence." *Kardules v. City of Columbus*, 95 F.3d 1335, 1344 (6th Cir.1996). The decision of a sworn official is subject to a presumption of enforcement. *Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir.2000). There is no history of non-enforcement presented by the Township. On the face of the town ordinance creating the Zoning Inspector position, that official is *required* to enforce all provisions of the Zoning Ordinance. Enforcement is mandatory.

Moreover, the town ordinances clearly subject DiLaura to fines for a municipal civil infraction if he opens a retreat house in violation of the zoning decision. The Michigan Court of Appeals has held that where such a statute is silent on criminal penalties, townships may pursue criminal penalties against ordinance violators. *Renne v. Waterford*, 73 Mich.App. 685, 252 N.W.2d 842 (1977).

Enforcement of the ordinance is mandatory, and significant penalties for violation

are possible. As a result, the Township's argument that it might not enforce the ordinance is contrary to its own law, and the case is ripe for review.

C. Standing

■ We review the district court's remaining determinations regarding standing *de novo*. The Supreme Court has established three criteria for standing. A plaintiff must show (1) an "injury in fact," which the Supreme Court has defined as an invasion of a "legally protected interest" that is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct; and (3) a likelihood that the injury can be redressed by favorable decision. *Northeastern Florida Contractors v. Jacksonville*, 508 U.S. 656, 663–64, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993).

■ The relevant Michigan statute, M.C.L. § 125.293a(1), permits a person having an interest affected by the zoning ordinance to appeal the decision of a zoning board of appeals to a circuit court. Michigan cases indicate that a person must be "aggrieved" in order to have status in court to challenge the actions of a zoning board of appeals. "The plaintiff must allege and prove that he has suffered some special damages not common to other property owners similarly situated." *Unger v. Forest Home Township*, 65 Mich. App. 614, 617, 237 N.W.2d 582 (1975).

■ Applying the above, the district court found that Plaintiffs did not have standing to challenge the zoning ordinance. The district court found that Plaintiffs (1) did not have an interest that would allow them to challenge the zoning decision; and (2) had not alleged an "injury in fact" sufficient to grant them standing.[1] The

---

1. The court did not address the causation or    redressability criteria of *Northeastern Florida*

district court also found that the Apostolate did not have a sufficient interest to be considered "aggrieved" under Michigan law. We reverse on all points.

First, Plaintiff DFLD, as the property owner of record, clearly had an interest sufficient to permit it to challenge the application of the zoning ordinance to its property. The district court disregarded the evidence presented to it[2] that established DFLD's ownership of the property. Instead, the district court looked to the merits of the case. The district court determined that the Township had not violated DFLD's First Amendment or federal statutory rights, then dismissed DFLD's case for lack of standing on the grounds that DFLD had not suffered an injury in fact.

However, Federal courts do not lack jurisdiction simply because a case may be ultimately found to have little or no merit. "Injury in fact" is a standard meant to weed out those who have no interest in the action, not to deny a day in court to those who have weak cases. DFLD's interest (property ownership) is unquestionably (a) a "legally protected interest," and the invasion complained of (denial of the desired use of the property) is without a doubt both (b) concrete and particularized and (c) actual and imminent (indeed, here past and ongoing). *Northeastern Florida Contractors,* 508 U.S. at 663, 113 S.Ct. 2297.

▮ The district court also found that the Apostolate lacked standing to challenge the zoning regulation, on the grounds that its interest was too attenuated to constitute an "aggrieved party" under M.C.L. § 125.293a(1). This also is incorrect. Courts in Michigan have found

that plaintiffs who have a definite but non-possessory interest in the land (*i.e.,* who will receive the land as part of a contractual or other agreement) do have standing to challenge zoning decisions. *See, e.g., Community Treatment Centers, Inc. v. City of Westland,* 970 F.Supp. 1197 (E.D.Mich. 1997) (Plaintiff had standing as an "aggrieved party" despite having a contingent purchase agreement); *Haven v. City of Troy,* 39 Mich.App. 219, 197 N.W.2d 496 (1972) (Plaintiff with an option to purchase land owned by co-plaintiff had standing to challenge denial of building permits); *Sun Oil Company v. City of Ferndale,* 6 Mich. App. 470, 149 N.W.2d 485 (1967) (Plaintiff who had negotiated to buy a gas station had standing to challenge Zoning Board decision even though not the title owner). The district court found that the interest possessed by the Apostolate was not sufficiently definite to support standing, because the donation would happen at some indefinite future time.

What the district court did not recognize is that the donation had been made, but was contingent upon the ability of the Apostolate to use the land for a religious retreat. That contingency does not render the Apostolate's interest unenforceable. *Community Treatment Centers,* 970 F.Supp. at 1206–07 (holding that a contingent agreement is sufficient to confer standing). The parties had drawn up a Memorandum acknowledging the donation, signed by one of the general partners of DFLD. As further evidence of the Apostolate's interest, the insurance that DFLD carried on the land noted that the Apostolate had an ongoing interest in the land.

---

*Contractors,* because it determined that standing was lacking based on the first criterion. Causation is not disputed. As noted in our discussion above of mootness, Plaintiffs may and will make use of the property as a retreat

house if they receive a favorable injunction. Their injury is therefore redressable.

**2.** On their motion for reconsideration, Plaintiffs presented the court with a warranty deed establishing ownership by DFLD.

The Apostolate had a sufficient interest to support standing.

■ The district court held that DiLaura lacks standing to bring his § 1983 claim. This is incorrect. Under 42 U.S.C. § 1983, DiLaura may challenge state officials whose actions allegedly deny rights granted by the Constitution or a federal statute. This is, in fact, the statute under which Plaintiffs brought suit. The fact that the district court might ultimately determine that those constitutional allegations are without substance is irrelevant to a determination of standing. Summary judgment, rather than dismissal for lack of subject matter jurisdiction, would be the proper way to dispose of DiLaura's constitutional claims, if meritless.

We also note that Plaintiffs asserted a Religious Freedom Restoration Act claim. 42 U.S.C. § 2000bb *et seq.* Although large parts of RFRA were declared unconstitutional by *City of Boerne v. Flores,* 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997), it was amended by the Religious Land Use and Incarcerated Persons Act in September 2000, after *Boerne,* and while this case was on appeal. 42 U.S.C. § 2000cc; *see also, Kikumura v. Hurley,* 242 F.3d 950, 960–61 & n. 5 (10th Cir.2001) (RFRA to be applied as amended by RLUIPA, and RFRA claims are to be adjudicated according to RLUIPA definitions).[3]

■ RLUIPA forbids any government from imposing a "substantial burden" on religious uses of land unless those restrictions are necessary to further a compelling government interest. 42 U.S.C. § 2000cc(a)(1). All of the Plaintiffs have standing to challenge the zoning ordinance under RLUIPA; religious *use* of land is the core concept protected by that statute. 42 U.S.C. § 2000cc(a)(1) ("No government shall impose or implement a land use regu-

lation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution," unless such a regulation is necessary in furtherance of a compelling state interest.). The term "land use regulation" was expressly defined in 42 U.S.C. § 2000cc–5(5) as meaning:

a zoning or landmarking law, or the application of such a law, that limits or restricts a claimant's use or development of land (including a structure affixed to land), if the claimant has an ownership, leasehold, easement, servitude or other property interest in the regulated land or a contract or option to acquire such an interest.

42 U.S.C. § 2000cc–5(5). Plaintiff DFLD falls into this category of claimants, and has standing. The Apostolate also has a sufficient interest in the property, which it will receive if it is free to use it for a retreat.

■ Finally, both Defendants and the district court contend that Plaintiffs lack standing because they have not exhausted their administrative remedies. The Township argues that Plaintiffs should have applied for a conditional use permit after their application for a variance was denied. This conclusion is incorrect for a number of reasons. First, M.C.L. § 125.293a(1) itself contemplates appeal to the courts following the variance hearing (which Plaintiffs duly underwent). Second, exhaustion of administrative remedies is not required for RLUIPA claims when brought as part of a § 1983 action. *See, e.g., Murphy v. Zoning Commission of the Town of New Milford,* 148 F.Supp.2d 173 (D.Conn.2001).

Plaintiff DFLD, as the record title owner, clearly has standing to challenge the zoning board's decision. The Apostolate

---

**3.** Defendants do not challenge the constitutionality of RLUIPA.

also has standing to challenge the zoning ordinance based on the Memorandum of donation. DiLaura has standing via 42 U.S.C. § 1983 to assert that state officials are violating his First Amendment rights. All three Plaintiffs have standing to assert a 42 U.S.C. § 2000cc (RLUIPA) claim on remand. We therefore reverse the district court, and remand for consideration of Plaintiffs' claims on the merits. We are mindful that the current form of 42 U.S.C. § 2000cc was not before the district court below; it may be considered upon remand, if properly pled.

## D. First Amendment Claims

■ The district court, under the rubric of determining whether or not the Plaintiffs had suffered an "injury in fact," for standing purposes, determined that the Plaintiffs' First Amendment rights had not been violated. Although we do not believe that dismissal for lack of standing was appropriate, the district court was correct in finding Plaintiffs' First Amendment claims meritless.

■ The Free Exercise Clause of the First Amendment, applicable to the states through the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. Amend. I. "The First Amendment does not, however, prevent the government from regulating behavior associated with religious beliefs." *Mount Elliott Cemetery Ass'n v. City of Troy*, 171 F.3d 398, 403 (6th Cir.1999). In *Department of Human Resources of Oregon v. Smith*, 494 U.S. 872, 877, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), the Supreme Court held that:

> [The] right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion proscribes (or prescribes).

*Id.* at 879, 110 S.Ct. 1595.

The zoning ordinance at issue in this case is facially neutral (a bed-and-breakfast would be treated the same way), and there is no evidence offered of any animus against religion involved in either the passage or interpretation of the law. The law does not violate the Constitution.

## E. RLUIPA claims

Plaintiffs' amended complaint asserts a statutory cause of action, under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* Although Defendants and Plaintiffs both ignored this cause of action when arguing the motion to dismiss, the issue was never waived. Plaintiffs, on appeal, pursue their RFRA claim under the September 2000 amendment to RFRA, the RLUIPA. *Kikumura v. Hurley*, 242 F.3d 950, 960–61, & n. 5 (10th Cir.2001).

The Religious Land Use and Institutionalized Persons Act states that "[n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that" the land use regulation is "in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc(a)(1). Challenges of zoning ordinances under the RLUIPA are expressly contemplated. 42 U.S.C. § 2000cc–5(5).

The use of the land does not have to be a "core religious practice." Rather, "[t]he term 'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc–5(7)(A). Further, the statute states explicitly that

"[t]he use, building, or conversion of real property for the purpose of religious exercise shall be considered to be religious exercise of the person or entity that uses or intends to use the property for that purpose." 42 U.S.C. § 2000cc–5(7)(B).

The question then becomes whether gatherings of individuals for the purposes of prayer (the activity at issue) is a use of land constituting a religious exercise that is substantially burdened, under RLUIPA, by a zoning ordinance that prevents such gatherings. Recent federal precedent answers in the affirmative.

*Murphy v. Zoning Commission of the Town of New Milford,* 148 F.Supp.2d 173 (D.Conn.2001) presents facts identical to the instant case. In *Murphy,* the New Milford zoning board sent a letter to Mr. Murphy, requiring him to cease and desist use of his house for group prayer-meetings (which drew as many as 60 participants), and that the use of the Murphys' backyard as a parking lot for attendees was prohibited. *Id.* at 178. The zoning ordinance in *Murphy,* like that in the instant case, prohibited all uses save those expressly permitted. *Id.* at 179. The *Murphy* ordinance allowed applicants to apply for a special use permit, as did the one in the instant case.

The *Murphy* court found that the application of the zoning ordinance to prohibit prayer meetings violated RLUIPA, despite the fact that neighborhood aesthetics and safety were at stake, by placing a substantial burden on free exercise rights in the use of land protected by RLUIPA. *Murphy,* 148 F.Supp.2d at 187–91. The court rejected the defendants' argument that the Township was not burdening the practice of gathering for prayer in a private home by virtue of the ordinance. *Id.* at 188.

The *Murphy* defendants also offered evidence of a compelling state interest, that of protecting aesthetics and traffic safety. While the *Murphy* court found

that interest to be compelling, it rejected the argument that the ordinance was the least restrictive means for furthering that interest. *Murphy,* 148 F.Supp.2d at 189–90. In the current case, the Township has offered no such evidence.

The Township makes two arguments for the inapplicability of RLUIPA. The first is that RLUIPA was enacted after the zoning board's decision in this case (and while this case was on appeal); the Township argues that to apply RLUIPA now would be to give the statute impermissible retroactive effect. The second is that none of RLUIPA's jurisdictional bases apply.

The Township's first argument against application of RLUIPA is incorrect. Plaintiffs are seeking prospective relief in the form of an injunction ordering the township to allow them to run their retreat house. Injunctive relief is prospective, not retroactive. *See, e.g., Kikumura v. Hurley,* 242 F.3d 950, 960 n. 5 (10th Cir.2001) ("Defendants argue the judicial presumption against retroactive legislation prevents consideration of the amendments to RFRA [specifically, RLUIPA] .... When the plaintiff's request for relief is a prospective injunction, application of new or amended statutes is not a retroactive application of the law.").

The Township's second argument is also incorrect. RLUIPA has three jurisdictional bases, meant to protect it from constitutional challenge of the kind advanced in *Boerne.* The statute states that it applies in any case in which:

(A) the substantial burden is imposed in a program or activity that receives Federal financial assistance, even if the burden results from a rule of general applicability.

(B) the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with

Indian tribes, even if the burden results from a rule of general applicability; or (C) the substantial burden is imposed in the implementation of a land use regulation or system of land use regulations, under which a government makes, or has in place formal or informal procedures or practices that permit the government to make, individualized assessments of the proposed uses for the property involved.

42 U.S.C. § 2000cc(a)(2)(A),(B),(C). On the face of the statute, section (C) clearly applies. Procedures for a "variance" have already been undergone. Section (B) also applies, because the DiLauras wish to run a retreat house; guests could certainly travel in interstate commerce to attend their retreat and sleep at the house. This is sufficient connection to interstate commerce to support jurisdiction. *United States v. Sherlin*, 67 F.3d 1208 (6th Cir. 1995) (holding that since students who slept in a college dormitory had traveled in interstate commerce, a federal arson statute with a jurisdictional clause predicated on interstate commerce was applicable).

Our discussion above relates solely to whether Plaintiffs' allegations raise issues under RLUIPA. We demonstrate that they do. However, we do not resolve the merits of those issues, which the district court should address on remand.

### III

The district court's judgment is therefore REVERSED and REMANDED for proceedings consistent with this opinion.

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.