NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0008n.06
Filed: October 6, 2004

NO. 03-1635
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TIM DILAURA, DF LAND DEVELOPMENT,
L.L.C., and APOSTOLATE FOR THE
EUCHARISTIC LIFE,

      Plaintiffs-Appellees,

v.

TOWNSHIP OF ANN ARBOR, ANN
ARBOR TOWNSHIP ZONING OFFICIAL,
and ANN ARBOR TOWNSHIP ZONING
BOARD OF APPEALS,

      Defendants-Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

_____

BEFORE: NORRIS and DAUGHTREY, Circuit Judges, and OLIVER,[*] District Judge.

PER CURIAM. The dispute in this case arose when the plaintiffs, Tim DiLaura, DF Land Development L.L.C., and the Apostolate for the Eucharistic Life, requested permission from the Township of Ann Arbor to operate a religious retreat, intended primarily for a practice described by plaintiff DiLaura as "contemplative prayer." Although the plaintiffs' initial attempts to secure a zoning variance were rebuffed by the defendant

[*] The Hon. Soloman Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

township and its zoning board of appeals, the district court subsequently concluded that the proposed restrictions on the plaintiffs' plans violated the provisions of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc – 2000cc-5 and entered judgment for the plaintiffs. The defendants now appeal that determination, arguing alternatively that this matter is moot or, if not moot, that the RLUIPA is inapplicable to this situation or, if applicable, that the plaintiffs have failed to establish a substantial burden on the exercise of their religion. The defendants' brief also contains an allegation that the Act is unconstitutional, but the United States, as intervenor in the appeal, pointed out at oral argument that the constitutional issue was not raised in the district court and should be considered waived. Given a chance to rebut this contention, counsel for the defendants postulated only that it was unnecessary to reach the constitutional question posed in the brief on appeal. We agree.

We also agree with the district judge's determination that the plaintiffs were entitled to relief in this case. The district court held that the issuance of a bed-and-breakfast permit had not rendered the case moot because the restrictions connected with such a permit would substantially limit the plaintiffs' intended use of the property, in violation of the protections afforded by the Act. The district court noted, for example, that the bed-and-breakfast regulations require payment by the "guests" of such a facility and that such "payment is held to be a substantial burden on any religious activity." Moreover, the plaintiffs would have been barred from serving alcohol, thereby restricting their ability to provide communion wine, and they could not have offered any meals other than "breakfast, snacks, coffee and tea service," thereby preventing their plan to supply overnight participants with lunch and dinner as well as breakfast. In short, designation as a bed and

breakfast would have effectively barred the plaintiffs from using the property in the exercise of their religion and, hence, the defendants' refusal to allow a variance constituted a substantial burden on that exercise.

Finally, we note that the question of the Act's application was resolved by a previous aCase ppeal. *See DiLaura v. Ann Arbor Charter Township*, No. 00-1846, 2002 WL 273774 at ** 8 (6th Cir. Feb. 25, 2002).

For the reasons set out above, we AFFIRM the judgment of the district court.