*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0470p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

TIM DILAURA; DF LAND DEVELOPMENT L.L.C.;
APOSTOLATE FOR THE EUCHARISTIC LIFE,
          *Plaintiffs-Appellants/Cross-Appellees,*

          *v.*

TOWNSHIP OF ANN ARBOR; ANN ARBOR TOWNSHIP
ZONING OFFICIAL; ANN ARBOR TOWNSHIP ZONING
BOARD OF APPEALS,
          *Defendants-Appellees/Cross-Appellants.*

Nos. 05-2482/2506

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-70570—Bernard A. Friedman, Chief District Judge.

Argued: November 2, 2006

Decided and Filed: December 27, 2006

Before: MERRITT and MOORE, Circuit Judges; COLLIER, Chief District Judge.[*]

---

## COUNSEL

**ARGUED:** Robert Charles Davis, O'REILLY, RANCILIO, NITZ, ANDREWS & TURNBULL, Sterling Heights, Michigan, for Appellants. G. Christopher Bernard, BODMAN LLP, Ann Arbor, Michigan, for Appellees. **ON BRIEF:** Robert Charles Davis, O'REILLY, RANCILIO, NITZ, ANDREWS & TURNBULL, Sterling Heights, Michigan, Robert L. Bunting, Oxford, Michigan, for Appellants. G. Christopher Bernard, James J. Walsh, BODMAN LLP, Ann Arbor, Michigan, for Appellees.

---

## OPINION

---

    KAREN NELSON MOORE, Circuit Judge. Plaintiffs Tim DiLaura ("DiLaura"), DF Land Development, L.L.C., and Apostolate for the Eucharistic Life (collectively "the plaintiffs") appeal the district court's order granting the plaintiffs attorney fees and costs. The plaintiffs argue that the district court abused its discretion in ordering a sixty-percent reduction from the amount

---

[*] The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

recommended by the magistrate judge's Report and Recommendation. The defendants Township of Ann Arbor, Ann Arbor Township Zoning Official, and Ann Arbor Township Zoning Board of Appeals (collectively "the defendants") cross-appeal, arguing that the district court erred in ruling that the plaintiffs were entitled to any costs or fees because they were not prevailing parties.

Because the district court was within its discretion in finding that the plaintiffs were prevailing parties, but abused its discretion in reducing the fees and costs by sixty percent, we **AFFIRM** in part and **REVERSE** and **REMAND** in part the district court's judgment granting attorney fees and costs to the plaintiffs in the amount of $72,214.24.

## I. BACKGROUND

As this is the third time that these parties have come before our court, there is a long history behind this case. DiLaura, as a member and Executive Director of the Apostolate for the Eucharistic Life, received a charitable donation of real estate in the Township of Ann Arbor for hosting guests for religious prayer and contemplation. In conjunction with this proposed use, DiLaura planned on providing complementary food and overnight accommodations for approximately eight guests throughout each week.

DiLaura sent a letter to the zoning official asking whether the plaintiffs' proposed property use under the donation was prohibited by the defendants' zoning ordinance. The zoning official responded that DiLaura was prohibited under the zoning laws from using the property in the way in which he proposed. DiLaura filed an application for a variance, but the zoning board of appeals denied the variance application.

The First Amended Complaint was brought under 42 U.S.C. § 1983, and alleged violations of, inter alia, the plaintiffs' right to free exercise of religion under the First Amendment of the United States Constitution and the Religious Freedom Restoration Act. U.S. CONST. amend I; 42 U.S.C. § 2000bb *et seq.* ("RFRA"). The district court granted the defendants' motion to dismiss for lack of subject matter jurisdiction, holding that the plaintiffs lacked standing and that the plaintiffs' claims were not ripe.

In *DiLaura v. Ann Arbor Charter Twp.*, 30 F. App'x 501, 505-07 (6th Cir. 2002) (unpublished opinion) ("*DiLaura I*"), we concluded that the plaintiffs did have standing and that their claims were ripe for review. Although we disagreed with the district court's reasoning, we agreed that there was no First Amendment violation. *Id.* at 508. However, we concluded that the plaintiffs' RFRA claim was still valid. Although parts of RFRA had recently been declared unconstitutional by the Supreme Court while *DiLaura I* was on appeal, Congress enacted the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"), which amended RFRA. *DiLaura I*, 30 F. App'x at 507. Thus, we remanded to the district court to determine whether the defendants were violating the plaintiffs' rights under RFRA as amended by RLUIPA. *Id.* at 510.

After *DiLaura I*, on November 14, 2002, the plaintiffs filed a Second Amended Complaint, formally claiming a violation under RLUIPA. On December 16, 2002, the township board of trustees, on the recommendation of the planning commission, granted the plaintiffs a conditional permit to operate a bed and breakfast. Although the defendants asserted that they would not enforce it, a bed and breakfast permit requires that the permitee charge guests a fee and prohibits serving alcohol or meals other than breakfast and light snacks. These restrictions, if enforced, would interfere with the plaintiffs' plan to provide services for free and to serve lunch, dinner, and communion wine.

On remand from *DiLaura I*, the district court granted summary judgment in favor of the plaintiffs, concluding that the defendants' bed and breakfast proposal violated RLUIPA. While

acknowledging that the defendants were not going to enforce the bed and breakfast provisions at the present time, the district court stated that it had "to look at what [the bed and breakfast ordinance] says and take it [as] exactly what [the defendants] could do." Joint Appendix ("J.A.") at 838 (Mot. Hr'g on Cross-Mot. for Summ. J. ("Hr'g") at 27). The district court did not formally grant an injunction, but, rather, stated on the record that the defendants could never enforce the bed and breakfast provisions against the plaintiffs. The defendants appealed, and we affirmed. *DiLaura v. Twp. of Ann Arbor*, 112 F. App'x 445, 446 (6th Cir. 2004) (unpublished opinion) (*DiLaura II*).

This brings us to the issue before us today. After *DiLaura II*, the plaintiffs requested attorney fees and costs associated with litigating this case. The magistrate judge issued a Report and Recommendation concluding that the plaintiffs were entitled to attorney fees and costs in the amount of $178,535.61. The district court found that the plaintiffs were prevailing parties, but reduced the award by sixty percent to $72,214.24. The parties cross-appealed to this court; we have jurisdiction over their appeals under 28 U.S.C. § 1291.

## II. PREVAILING PARTIES

We review a district court's determination of prevailing party status for clear error. *Knology, Inc. v. Insight Commc'ns Co.*, 460 F.3d 722, 726 (6th Cir. 2006). The defendants argue that the plaintiffs are not entitled to any attorney fees or costs, because they do not qualify as "prevailing parties" under 42 U.S.C. § 1988(b).[1] Section 1988(b) provides, in pertinent part, that in an action to enforce provisions under RFRA or RLUIPA "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." Prevailing party status is a "statutory threshold" which must be crossed before there is any consideration of a fee award. *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989). This threshold is crossed when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit' . . . ." *Id.* at 791-92 (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). *See also Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 421 F.3d 417, 420 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 2916 (2006).

"'[T]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.'" *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (quoting *Garland*, 489 U.S. at 792-93). A material alteration requires that "[t]he plaintiff [] obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." *Id.* (citations omitted). The relief must directly benefit the plaintiff "at the time of the judgment or settlement." *Id.* In contrast, "[w]here the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis,* a district court would be justified in concluding that" the plaintiff is not a prevailing party under the statute. *Garland*, 489 U.S. at 792. Further, the change in the relationship between the parties must be court ordered—if a party's change in position is purely voluntary, then there is no prevailing party. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs.*, 532 U.S. 598, 605 (2001).

The defendants make two overlapping arguments in defense of their position that the plaintiffs are not prevailing parties. First, the defendants argue that their change in position was purely voluntary, that the district court did not order the defendants to do anything, and, therefore, under *Buckhannon*, the plaintiffs are not prevailing parties. We cannot agree with the defendants' characterization of their actions as voluntary. To the contrary, if the defendants' actions in this case were voluntary, they would not have appealed the district court's decision in *DiLaura II*. The

---

[1] According to Rule 54(d) of the Federal Rules of Civil Procedure, costs are to be awarded as "of course" to the prevailing party. Although costs are part of the ultimate award that plaintiffs seek, the debate between the parties focuses on attorney fees under 42 U.S.C. § 1988.

plaintiffs did not obtain full relief in this case until the district court announced, and this court affirmed, that the defendants could not enforce the bed and breakfast permit limitations against the plaintiffs. Thus, the defendants' actions were not completely voluntary.

Second, the defendants argue that the grant of summary judgment in the plaintiffs' favor was only a technical or symbolic victory, and, thus, under *Farrar v. Hobby*, the plaintiffs are not prevailing parties. They argue that the rule is that "a plaintiff who does not obtain relief in the form of a money judgment, an enforceable declaratory judgment or an injunction is not a prevailing party under Section 1988." Br. of Defs.-Appellees/Cross-Appellants at 24. According to the defendants, because the district court's grant of summary judgment in favor of the plaintiffs did not include one of these forms of relief, the plaintiffs are not prevailing parties.

The defendants' argument rests on an erroneous view of the law. They do not cite any cases stating that a party must obtain a money judgment, an enforceable declaratory judgment, or an injunction before it is entitled to prevailing party status.[2] As explained above, if the party points to success on a significant issue leading to a material legal alteration between the parties, then that party has crossed the "statutory threshold" into prevailing party status. Although a money judgment, an enforceable declaratory judgment, or an injunction will indicate such an alteration between the parties, these are not the only ways in which such a changed relationship may manifest itself. The case at bar provides an example.

Here, the district court granted the plaintiffs' motion for summary judgment, and stated on the record that the defendants could not enforce their ordinance against the plaintiffs' proposed use of the property. The district court explained that it was not granting an injunction because "the relief [the plaintiffs were] asking for in effect is [the defendants] not enforcing their ordinance. I'm going to grant that. That's your motion for summary judgment." J.A. at 836 (Hr'g at 25). While the district court declined to label the relief "injunctive," the effect of its order granting summary judgment materially affected the legal relationship between the parties in that after the district court's judgment was rendered, the threat of enforcement no longer existed. The plaintiffs' victory was not merely technical or symbolic, and the district court's determination that the plaintiffs were prevailing parties was not clearly erroneous.

### III. FEE REDUCTION

**A. Standard of Review**

We review for abuse of discretion a district court's determination of the attorney fees due under § 1988, affording "substantial deference" to the district court's decision. *Deja Vu*, 421 F.3d at 423. Abuse of discretion "exists only when a district court 'relies upon clearly erroneous factual

---

[2] In their petition for rehearing/rehearing en banc, the defendants cite, for the first time, a case which, they argue, requires that a court provide a plaintiff with a monetary judgment or an injunction before the plaintiff can achieve prevailing party status. Pet. for Reh'g/Reh'g En Banc at 10 (citing *Gregory v. Shelby County*, 220 F.3d 433, 447 (6th Cir. 2000)). We note that this argument conflicts with the defendants' earlier argument to this court that, to be a prevailing party, the plaintiff must obtain "relief in the form of a money judgment, an enforceable declaratory judgment or an injunction." Br. of Defs.-Appellees/Cross-Appellants at 24. Now the defendants are arguing that only a monetary judgment or injunction will suffice.

Both arguments, however, are wrong. Defendants' new argument fails because *Gregory*, and the case upon which it relied, *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169 (6th Cir. 1990), have both been abrogated by *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598 (2001). *Buckhannon* makes clear that all that is required to obtain prevailing party status is a judgment that is enforceable and on the merits. *Id.* at 604 ("[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989))). To the extent that *Gregory* and *Wooldridge* limit prevailing parties to those parties who obtain monetary judgments or injunctions, they are abrogated.

findings, applies the law improperly, or uses an erroneous legal standard.'" *Id*. (quoting *Wikol ex rel. Wikol v. Birmingham Pub. Schs. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004)).

**B. The Decision to Reduce the Award Was An Abuse of Discretion**

In the case at bar, the district court abused its discretion on three levels, all of which culminated in its decision to reduce the fees and costs awarded. First, it incorrectly concluded that the plaintiffs were not entitled to fees for work done prior to the Second Amended Complaint, because the plaintiffs ultimately prevailed only on their RLUIPA claim which was not raised until the Second Amended Complaint. Second, the district court applied the wrong legal standard, because, although it implicitly found that the case at bar was one involving a common core of facts, it improperly treated the various claims as distinct, reducing fees based on the number of claims won versus the number of claims lost. Third, the district court erred in finding that the plaintiffs did not get complete relief.

**1. Relationship Between RLUIPA Claim and the Original Complaint**

One reason motivating the district court's decision to reduce attorney fees and costs was its conclusion that the plaintiffs did not raise their RLUIPA claim until the Second Amended Complaint. According to the district court, "[n]one of the claims initially pled succeeded and none of the relief initially sought was obtained." J.A. at 302 (Order at 3).

But in *DiLaura I*, we explained that in their First Amended Complaint the plaintiffs pleaded a claim under RFRA which was amended by RLUIPA, enacted while the case was on appeal. *DiLaura I*, 30 F. App'x at 507. Thus, on remand, the panel instructed the district court to adjudicate the original RFRA claim according to the RLUIPA provisions. *Id*. at 510. It follows that the district court was incorrect in its finding that none of the original claims succeeded, because, according to *DiLaura I*, the panel required the RFRA claim in the First Amended Complaint to be adjudicated as a RLUIPA claim. Even though the plaintiffs did not formally include a RLUIPA claim until their Second Amended Complaint, it was an abuse of discretion for the district court to ignore the decision of a panel of this court in *DiLaura I*, and to treat the RLUIPA claim as unconnected to the work related to the First Amended Complaint.

**2. The District Court Applied the Wrong Legal Standard to a Case Involving a Common Core of Facts and Related Legal Claims**

The district court also abused its discretion in failing to state the correct legal standard applicable when a series of related legal claims are based on a common core of facts. We recently stated that:

> "[A] court should not reduce attorney fees based on a simple ratio of successful claims to claims raised. When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced."

*Deja Vu*, 421 F.3d at 423 (quoting *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996) (citation omitted)). "'Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing the fee. The result is what matters.'" *Id*. (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (footnote omitted)).

In the case at bar, the district court's statement of the applicable law is selective and, thereby, misleading. To the extent that the standard is stated correctly, the opinion improperly applies that standard to the facts. The district court opinion states:

> In determining a reasonable attorney fee "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended in the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Further a reduction from the lodestar is appropriate when the prevailing party "achieve[s] only partial or limited success." *Id*. at 436.
>
> In the present case, plaintiffs' success was "partial or limited indeed." *None of the claims initially pled succeeded* and none of the relief initially sought was obtained. Three years into the litigation plaintiffs asserted *the RLUIPA claim, which did succeed, but still the remaining claims failed* and no declaratory or injunctive relief was awarded.

J.A. at 302-03 (Order at 3-4) (alteration in original) (emphasis supplied). The district court's quotation from *Hensley* fails to recognize that the Supreme Court mandated the following: "Such a lawsuit [one involving a common core of facts] cannot be viewed as a series of discrete claims. Instead, the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435.

By focusing on the fact that most of the plaintiffs' claims failed, the district court does what *Hensley* specifically forbids: it analyzes a series of related legal claims based on a common core of facts, and determines the amount of fees, not based on the plaintiffs' overall success, but based on the success or failure of the individual claims.[3] Because the plaintiffs ultimately prevailed on only one of their related legal claims, the district court reduced the attorney fees and costs by sixty percent. It is of no import that the relief came only from the RLUIPA clam, because under *Hensley* "[t]he result is what matters." *Id*. Thus, the district court's reduction in fees was an abuse of discretion.

### 3. The Relief Obtained Was Complete

The district court also erred in deciding that the "plaintiffs' success was 'partial or limited. . . .'" J.A. at 302 (Order at 3). When the plaintiffs filed their First Amended Complaint, the defendants denied them their requested use of the property. Now the plaintiffs are expressly allowed their proposed use of the property without any application of the defendants' zoning ordinances. The fact that the court did not grant an injunction or declaratory judgment when it granted the plaintiffs' motion for summary judgment does not make the ultimate relief less complete.

### IV. CONCLUSION

The parties dispute whether there was a stipulation as to the correct amount of fees and costs due to the plaintiffs in this case if they were to prevail. We need not reach this issue at this time; we conclude that, in this case, it is more appropriate to remand to the district court for a decision on fees that is consistent with our opinion.

---

[3] The district court opinion does not even mention the phrase "common core of facts," but given that the portion of *Hensley* from which it quotes is specific to cases involving a common core of facts, we infer that the district court believed this to be such a case. This is certainly the more plausible position—all of the claims were based on the defendants' refusal to grant the plaintiffs permission to operate a religious retreat, and all of the claims were designed to enable use of the property at issue as proposed.

For the foregoing reasons we **AFFIRM** the district court's judgment that the plaintiffs are prevailing parties, we **REVERSE** the district court's judgment insofar as it reduced the fees and costs by sixty percent, and we **REMAND** to the district court for further proceedings consistent with this opinion.