In the

# United States Court of Appeals
## For the Seventh Circuit

No. 08-3727

AYANNA WALKER, for herself
and all others similarly situated,

*Plaintiff-Appellee,*

*v.*

CALUMET CITY, ILLINOIS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 6148—**Milton I. Shadur**, *Judge.*

ARGUED MARCH 31, 2009—DECIDED MAY 15, 2009

Before FLAUM, MANION, and ROVNER, *Circuit Judges.*

MANION, *Circuit Judge.* Ayanna Walker wanted to sell a
dwelling she owned in Calumet City ("the City"), but she
found that a local ordinance imposed obstacles that
interfered with her ability to dispose of her property. She
sued the City, alleging that the ordinance violated her
right to procedural due process and unreasonably re-
strained the alienability of her property. After the City
stated that it would not enforce the ordinance against

Walker, the district court dismissed the case as moot. Subsequently, the district court held that Walker was a prevailing party and awarded her attorney fees. The City appeals, and we reverse.

I.

The City's ordinance at issue in this case is the Point of Sale ("POS") ordinance, which applies whenever real property within the city limits is sold. Under the POS ordinance, real property cannot be sold until it is inspected and deemed in compliance with city codes, a fee is paid, and transfer stamps are issued. If the City's inspector finds any violation of the building or zoning codes, he may require the property owner to correct the problem before the property may be sold. The inspector may also ascertain whether the property has been illegally converted from a single-family home into a multi-family dwelling unit.

The POS ordinance was challenged in an earlier suit brought by a local association of realtors, who claimed that the ordinance deprived them of property without due process. *Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 744 (7th Cir. 2007). The district court granted a preliminary injunction against the enforcement of the POS ordinance. *Id*. On appeal, we reversed and dismissed the suit, concluding that the association of realtors lacked standing to bring these claims. *Id*. at 749.

After oral argument in the realtors' suit but before our opinion was released, Ayanna Walker, a property owner

in the City, joined as a plaintiff in the original suit. Walker owned a multi-family dwelling unit that she intended to sell. After our opinion in *Mainstreet*, the district court dismissed the entire case without prejudice.

Walker then sued the City using the same counsel that had represented the association of realtors in *Mainstreet*. In her amended complaint, Walker brought three claims. First, she alleged that the POS ordinance unreasonably restrained the alienability of her property. Second, she claimed that the POS ordinance failed to accord her procedural due process. Third, Walker alleged that she was deprived of her ability to sell her property by the application of the POS ordinance to "legal non-conforming property," i.e., property that does not comply with the relevant zoning but is nonetheless deemed legal. Specifically, Walker claimed that the City refused to grant rebuild permits for non-conforming property and that such permits were necessary before lenders would extend money to potential buyers. Additionally, Walker sought to certify a class action on behalf of all property owners in the City.

While Walker's complaint and class action petition were pending, her property was inspected under the Rental Dwelling Inspection ordinance, under which the City annually inspects rental property for compliance with the City's health, zoning, and building codes. If the property violates any of these codes, the City may require the owner to bring the property into compliance. The inspector identified multiple areas in Walker's building where repair was necessary. After Walker completed the

repairs, the City re-inspected and pronounced her property compliant with the City's building and zoning codes. Subsequently, the City moved the district court to dismiss the case as moot. The City stated that because Walker's property was already considered to be in compliance with the City's codes, an inspection under the POS ordinance to check for the same violations would be redundant. Walker argued that the case would not be moot unless the dismissal order specifically granted her all the relief she originally sought, because otherwise the City could renege on its promises after dismissal. Both parties then submitted proposed orders dismissing the case as moot. The district court entered a dismissal order holding that the case was moot and listing the City's representations supporting that conclusion.

Following the dismissal, Walker moved for attorney fees under § 1988 as the prevailing party. The City opposed this motion, arguing that Walker had not achieved her goals and that the case had become moot prior to any judicial determination on the merits. The district court disagreed, finding that Walker had achieved a "total victory," and awarded Walker $189,000 in attorney fees. The City appeals the grant of attorney fees to Walker.

## II.

On appeal, the City argues that the district court erred in awarding attorney fees to Walker under 42 U.S.C. § 1988(b), which states that in a § 1983 suit, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Prior to 2001, this

court commonly evaluated the awarding of attorney fees using the "catalyst rule," which stated that "a plaintiff may be a prevailing party for purposes of section 1988 even if the defendant voluntarily provides the relief sought rather than litigating the suit to judgment." *Zinn v. Shalala*, 35 F.3d 273, 274 (7th Cir. 1994). However, the United States Supreme Court rejected the catalyst rule in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). *Buckhannon* "emphasized that in order to be deemed a prevailing party, there must be a 'material alteration in the legal relationship of the parties.'" *Bingham v. New Berlin Sch. Dist.*, 550 F.3d 601, 603 (7th Cir. 2008) (quoting *Buckhannon*, 532 U.S. at 606). This alteration must arise from a court order. *Southworth v. Bd. of Regents*, 376 F.3d 757, 771 (7th Cir. 2004). In other words, "there must be a judicial imprimatur on the change." *Zessar v. Keith*, 536 F.3d 788, 796 (7th Cir. 2008).

In *Buckhannon*, the Supreme Court gave two examples of when a party should be considered prevailing: first, when "the plaintiff has received a judgment on the merits"; second, when the plaintiff has "obtained a court-ordered consent decree." *Buckhannon*, 532 U.S. at 605. In general, we have stated that "[i]t could not be clearer that a voluntary settlement by the defendant . . . does not entitle a plaintiff to attorneys' fees." *Bingham*, 550 F.3d at 603.

Here, the dismissal order stated:

3. The Court bases its decision that Walker's claim are [*sic*] moot on the following representations made by City: (a) because Walker has already submitted

the property located at 521-23 Greenbay Avenue (the "Subject Property") to an annual inspection under the City's Rental Dwelling Inspection Ordinance, and has corrected all identified Code violations in accordance with the terms thereof, Walker does not need to pass a redundant point-of-sale inspection in order for her to sell the Subject Property; (b) City will not otherwise enforce its Point of Sale Inspection Ordinance (other than the payment of the transfer tax itself) as to the Subject Property; (c) City will issue transfer stamps and/or a Certificate of Compliance upon payment of the transfer tax in connection with the transfer of the Subject Property; and (d) City has certified that the Subject Property is a legal nonconforming use under City's Zoning Ordinance, a status which runs with the land, and is subject to loss or elimination only for the reasons set forth in Section V of the Calumet City Zoning Ordinance "Nonconforming Buildings and Uses," as that Ordinance currently exists.

The district court then stated that "[b]ased on the representations made by City, . . . the Court finds that Walker's claims in this action are moot." The dismissal order further stated that "the City . . . shall cause a copy of this Order to be recorded in the Office of the Cook County Recorder of Deeds . . . ."

This case does not fit within the first category enunciated in *Buckhannon*, namely where "the plaintiff has received a judgment on the merits." 532 U.S. at 605. We have permitted attorney fees when a case has been declared

moot if, prior to the change in circumstances, the court made a decision on the merits in favor of the plaintiff. *See, e.g.*, *Palmetto Props., Inc. v. County of Dupage*, 375 F.3d 542 (7th Cir. 2004). Here, the district court never reached the merits of Walker's claim. *See Belda v. Marshall*, 416 F.3d 618, 620 (7th Cir. 2005) (declining to decide case on the merits when it was moot). The court never decided whether the POS ordinance unreasonably restrained the alienability of Walker's property or violated her procedural due process rights, or whether a due process violation arose from the potential deeming of her property as "illegally nonconforming." Accordingly, because no judgment was rendered by the district court on the merits of her claims, Walker is not a prevailing party under the first example given in *Buckhannon*.

Second, *Buckhannon* stated that a plaintiff may be deemed prevailing if he "obtained a court-ordered consent decree." 532 U.S. at 605. Walker did not obtain a consent decree in this case; hence, the second *Buckhannon* example does not apply.

Although *Buckhannon* only refers to two types of outcomes that will give rise to prevailing party status, we have also hypothesized that "some settlement agreements, even though not explicitly labeled as a 'consent decree' may confer 'prevailing party' status, if they are sufficiently analogous to a consent decree." *T.D. v. La Grange Sch. Dist. No. 102*, 349 F.3d 469, 478 (7th Cir. 2003). *T.D.* suggested that such a settlement agreement might arise if the settlement "(1) contained mandatory language, (2) was entitled 'Order,' (3) bore the signature of the

District Court judge, not the parties' counsel, and (4) provided for judicial enforcement." *Id.* at 478-79.[1] However, this case does not involve a settlement at all. Instead, the suit was deemed moot based on voluntary actions by the City. Accordingly, the exception noted in *T.D.* does not apply.

In an attempt to make the possible *T.D.* exception relevant, Walker likens this case to a settlement by pointing out the specificity of the City's representations in the dismissal order, the fact that the City's original pro-

---

[1] Citing *T.D.,* later cases of this circuit have opined that "a settlement short of a consent decree may qualify if, for instance, the terms of the settlement were incorporated into the dismissal order and the order was signed by the court rather than the parties, or the order provided that the court would retain jurisdiction to enforce the terms of the settlement." *Petersen v. Gibson,* 372 F.3d 862, 866-67 (7th Cir. 2004). *See also Gautreaux v. Chicago Hous. Auth.,* 491 F.3d 649, 655 (7th Cir. 2007) (citing *Petersen*). Because *T.D.* required all four criteria to be met before a party would be considered prevailing, *Petersen* and *Gautreaux* appear to be in some tension with *T.D.* However, the statements in both *Petersen* and *Gautreaux* were dicta. In *Petersen,* there was no court order at all; moreover, *Petersen* specifically eschewed establishing a new test, saying that "[w]e need not concern ourselves here with the precise boundaries between a settlement that meets the prevailing party definition and one that falls short." 372 F.3d at 867. In *Gautreaux,* the parties had entered a consent decree and attorney fees had been awarded after the court enforced and modified the decree. 491 F.3d at 652-54. Hence, the legal effect of settlements that functioned similarly to consent decrees was not at issue.

posed order was rejected by the district court, and the fact that the dismissal order enshrines the representations made by the City that led to a finding of mootness. However, even supposing the events in the district court could be considered a "settlement," Walker's argument fails because the dismissal order does not meet all four criteria delineated in *T.D.* Although the order was entitled a "final dismissal order" and was signed by the district court judge, it did not provide for judicial enforcement. Rather, the order noted that Walker could bring a motion for attorney fees but gave no option for Walker to seek enforcement of its provisions and did not vest the court with continuing jurisdiction.[2] Moreover, the order did not contain mandatory language that would convert the dismissal order into an effective consent decree. Instead, the order listed and accepted the representations made by the City. At most, the order stated that the City "shall cause a copy of this Order to be recorded," but in context that order is a mere ministerial duty imposed on the City. Even if this requirement had not been included, the case would have been moot be-

---

[2] Walker argues that she could have successfully sought a contempt order against the City if it reneged on its representations to the district court. However, we have stated that in order for a party to be held in contempt, "he must have violated an order that sets forth in specific detail an unequivocal command from the court." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 757 (7th Cir. 2008). Here, there was no *command* from the district court. Instead, the district court's order listed and accepted the representations of the City.

cause the City did not intend to enforce the POS ordinance against Walker. She wanted to sell and the City agreed not to apply the POS because the requirements had already been met.

To show that she obtained permanent relief by the district court's order, and thereby obtained a judgment on the merits, Walker asserts that, under the dismissal order, the City "is forever barred from requiring a point-of-sale inspection of the property before its sale and is thus forever barred from requiring [Walker], or any subsequent owner, to make repairs to the property as a condition of the right to sell it." However, Walker mischaracterizes the dismissal order. The order merely states that Walker's property has already been inspected and thus the POS ordinance will not be enforced and transfer stamps will be issued when Walker pays the pertinent fees. Nowhere does the order state that later owners will not be subject to the ordinance. Moreover, even the legal non-conforming status is subject to change, because the order specifically notes that the status "is subject to loss or elimination" for violations of specified city ordinances. Although the dismissal order states that the "legal non-conforming status" will "run with the land," viewed in context this statement indicates solely that, under the present City ordinances, the property is being used law-fully. Should the property no longer conform to the specified ordinances, that status may be revoked. Accordingly, contrary to Walker's position the order does not grant Walker and her assigns permanent relief from the application of the POS ordinance.

Walker also relies on *DiLaura v. Township of Ann Arbor*, 471 F.3d 666 (6th Cir. 2006), to support her claim for attorney fees. In *DiLaura*, the Sixth Circuit affirmed the grant of attorney fees for a plaintiff after the defendant township had voluntarily agreed not to enforce an ordinance against the plaintiff. However, *DiLaura* is distinguishable. In that case, the district court held that the case was not moot, reached the merits, and granted the plaintiff summary judgment. *Id*. at 669. Here, the district court never addressed the merits of Walker's suit. Accordingly, *DiLaura* does not support the award of attorney fees to Walker.[3]

Walker also relies on the district court's interpretation of its dismissal order. After entering the dismissal order, the district court opined that Walker had achieved a total victory on her claims and noted that the City's proposed mootness order had not been entered. We have seen that the dismissal order merely acknowledged that Walker did not need to submit to another inspection and stated that Walker would be issued the transfer stamps to sell her property if she paid the fees. Accord-

---

[3] In a supplemental filing, Walker also cites *Biodiversity Conservation Alliance v. Stem*, 519 F.3d 1226, 1230 (10th Cir. 2008) (O'Connor, J.), which stated that "in order for a party to prevail, the court's statement must lend judicial teeth to the merits of the case." However, *Biodiversity* further held that a court's conditional order finding the controversy to be moot did not give rise to prevailing party status. *Id*. at 1230-31. Thus, *Biodiversity* actually supports our conclusion that Walker is not a prevailing party.

ingly, Walker did not achieve a total victory and did not bind the City into perpetuity with regard to the property once it sold.

### III.

As a property owner who wanted to sell property located in the City, Walker had standing to challenge the inspection requirements of the POS. In the meantime, however, she complied with all of those requirements by remedying the code violations identified in the City's annual inspection of rental properties. This effectively mooted her challenge against the POS ordinance. The dismissal of the case for mootness did not impose a judicial imprimatur that would permit awarding attorney fees under *Buckhannon*. There was no final judgment on the merits in Walker's favor and no consent decree was entered. Accordingly, the judgment of the district court awarding attorney fees to Walker is REVERSED.